## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS - DALLAS DIVISION

| | | |
|---|---|---|
| CORT THOMAS, as the Receiver for Carnegie Development, LLC, et al, | § § § | |
| Plaintiff, | § | 3:24-cv-00612-X |
| | § | |
| v. | § | |
| | § | |
| HAOQIANG FU (a/k/a Michael Fu), et al., | § | |
| Defendants. | § | |

### BARTON RELATIVE DEFENDANTS' MOTION TO LIFT STAY AND REOPEN, ALTERNATIVELY, MOTION TO LIFT STAY AND SEVER ACTION

Defendants Victoria L. Barton, Maximilien E. Barton, and Martine G. Barton (collectively, "Relative Defendants") move that the Court lift the stay of the present case as to the Barton Relatives, that they may seek dismissal under Rule 12(b)(6) or summary judgment. Alternatively, the Relative Defendants seek to sever the action against them so that they may seek dismissal.

**SUMMARIZING**: Defendant Timothy L. Barton was sued by the SEC. The Receiver appointed in that case sued the Relative Defendants in this case for alleged fraudulent transfers from an entity colorably related to Defendant Barton in the SEC case, without regard to the truth of those allegations or any defense. They thus here seek a lift of stay so they may seek dismissal themselves from this case to avoid further be held hostage until the other case is resolved.

Further, Ms. Victoria Barton, who served President Trump in his first administration with a high security clearance, is now under scrutiny of the new administration and the job offer before her is being affected by this case, delaying her employment with the new administration.

The Receiver's case against the Relative Defendants constitute little more than a thinly disguised bill of attainder. The Court should not bless this negligently concocted case or allow it to continue unexamined, but adjudicate this motion and release the Relative Defendants, and end their manifestly unjust legal limbo.

## I.    RELEVANT FACTS

*Securities and Exchange Commission v. Timothy Barton, et al.*, Case 3:22-cv-02118-X, began in this Court on September 23, 2022. The receiver appointed in that case filed this present case and then on March 13, 2024, filed a Motion to Stay or Abate and Brief in Support ("Motion"), then a First Amended Complaint on April 2, 2024. This Court granted the stay on April 4, 2024.

The First Amended Complaint asserted that the Relative Defendants in this case received fraudulent transfers from Receivership Entities while they "were insolvent, after significant and numerous lawsuits had been filed against them, while the Entities were concealing assets and transfers, without the exchange of reasonably equivalent value, and while the transferees (the Defendants) lacked good faith." Doc. 9, pg. 2.

The Receivership Order was appealed on November 17, 2022. The Fifth Circuit returned on August 31, 2023, and ordered the receivership to be vacated for 90 days. *See* Exhibit 1. Following a second receiver appointment, a second appeal has been filed and recently heard by the Fifth Circuit regarding the receivership.

Defendant Victoria L. Barton is Defendant Timothy Barton's ex-wife; Defendant Maximilien E. Barton and Defendant Martine G. Barton are their son and daughter. As described in the declarations attached as exhibits, the receiver's case against these three individuals cannot withstand serious examination. Victoria was a valid contractor performing real work for her pay. Maximilien was an employee paid a wage for work performed. Martine received no funds whatsoever; the case against her is based on use of an alleged credit card account with her name referenced, though she and Tim Barton divorced in 2010. Martine never received subject funds.

During this time, the Relative Defendants have been unable to even defend themselves, but must contend with a looming and never-ending federal lawsuit as they live their lives, seeking

employment and having to answer why the federal government is suing them. The Receiver knows at this point that the Barton Relatives have no liability under these circumstances, but still opposes this effort to allow innocent bystanders to escape this litigation, irrespective of their liability.

The declarations of Victoria Barton, Martine Barton, and Maximilien Barton are attached as Exhibits 1-3, respectively, and show:

a) Victoria Barton provided consulting services for JMJ Development for a year under a written agreement. (Exhibit 1.)

b) Maximilien Barton performed bona fide work for Goldmark Hospitality and JMJ Development at below-market rates. (Exhibit 2.)

c) Martine Barton has no knowledge of the alleged American Express card and received no funds alleged in this case whatsoever. (Exhibit 3.)

Additionally, the declaration of Timothy L. Barton is attached as Exhibit 4.

## II.    LEGAL AUTHORITIES

District courts have discretionary power to stay proceedings to control its docket and in the interests of justice." *Ryan LLC v. FTC*, 739 F. Supp. 3d 496 (N.D. Tex. 2024). "Such staying power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."" *Id. citing Landis v. North American Co.*, 57 S. Ct. 163, 166 (1936). *"*District courts are to "weigh competing interests and maintain an even balance" in deciding whether to issue a stay." *Id.* "Impressed with the likelihood or danger of abuse, some courts have stated broadly that, irrespective of particular conditions, there is no power by a stay to compel an unwilling litigant to wait upon the outcome of a controversy to which he is a stranger." *Id at 255.* It is an abuse of discretion to issue a stay of indefinite duration in the absence of a pressing need. *Id.*

### III.    MOTION TO LIFT STAY

The Relative Defendants seek this Court to lift the stay and demand the Receiver provide a genuine prime facie case, or dismiss this case against them. At the least, the Receiver should stand before this Court and explain why the case should be maintained against these three individuals. Even if the Receiver can explain away his hurried and sloppy drafting, he now is completely aware of the facts herein described. The Receiver has no excuse at this point to continue, except that this Court allow this ongoing personal persecution without cause. But the Relative Defendants should not be held captive in this pending lawsuit *indefinitely.*

If the receiver wants to continue the stay in this case, "there must be a new appraisal of the facts by the court whose function it is to exercise discretion, and an appraisal in the light of the situation existing and developed at the time of the rehearing." *Id* at 258. The stay should be lifted as to the Relative Defendants, each of whom have provided a declaration in support of this motion.

**1.  The basis of the stay has long passed.**

On March 13, 2024, the Receiver argued for a stay "to preserve judicial and Receivership Estate assets while the Appeal is pending, the Receiver requests that the Court stay this lawsuit, and all incidental deadlines, including the deadlines to obtain service as required by Rule 4(m)1, until the Appeal is resolved." Doc. 3, pg. 3. The Receiver predicted, "Fifth Circuit is likely to expedite resolution with a ruling probable before the end of the year, if not earlier." Doc. 3, pg. 3.

However, it is now late March of 2025, and the stay remains in place. As described in the declarations, the Relative Defendants' reputations have been tarnished and their employment prospects negatively impacted. The Receiver appears content to allow the Relative Defendants to suffer needlessly, for the apparent reason that they are related to Timothy Barton.

At this point, the Court should recognize that the stay has been issued for indefinite duration in the absence of a pressing need, a situation which constitutes an abuse of discretion. *See id. at 258.* This Court should lift the stay, at least for the Relative Defendants, so that claims may be litigated, and the Relative Defendants may defend themselves from the receiver's allegations.

If the Receiver believes that the ongoing stay is justified, all he needs to do is appear before this Court and explain why he is continuing this case against the three movants, providing something more than a mere excuse that he was rushed and could not take the time to operate as expected as an officer of this Court. During this discussion before the Court, the Receiver can explain why he did not make at least a demand for the return of funds, which would have revealed the errors in his understanding.

### 2.  The Receiver will suffer no hardship if the stay is lifted.

The Receiver wanted the stay to "preserve receivership and judicial assets without causing prejudice to any party." Doc. 3, pg. 4 and 5. Yet, a stay that remains forever causes prejudice to the Relative Defendants as it indefinitely delays their rights to litigate Plaintiff's accusations and their defenses, especially in the absence of a pressing need. *See* Exhibits 1-3. *See also McKnight v. Blanchard,* 667 F.2d 477, 479 (5th Cir. 1982). The Receiver began this lawsuit and complained of the fact-intensive nature and the potential of expending Receivership Assets, but no one forced the receiver to initiate this lawsuit, and those reasons are certainly not a "pressing need" based on the current status of this case or the parties; it has yet to even be served to Relative Defendants.

If the Appeal alters the receiver's standing in this case (of which there is no guarantee, and even the Receiver admits that he believes the Appeal will be unsuccessful on page 4 of his Motion), as it did after the first appeal, there exists no good reason to believe that the SEC case in full will suddenly be resolved. Thus, regardless of the appeal, the Relative Defendants should be allowed

to press their defense and seek dismissal rather than being held hostage until some later time when another case (to which they are a stranger) is likely to be ruled in favor of the receiver, or not.

The Receiver should not be able to hold the Relative Defendants in legal limbo as hostages as he wars against Defendant Barton.

**3. The Receiver has failed to make a prima facie case for fraudulent transfer.**

As will be further described in the forthcoming motion to dismiss under 12(b)(6) or summary judgment, the Relative Defendants have nothing to indicate that they received fraudulent transfers or intentionally participated in criminal activities.

As stated above, Victoria Barton performed contract work for Receivership Entities, hence her pay. Exhibit 1. Maximilien Barton was a manager of a Receivership Entity (as acknowledged by the Receiver) and performed work for several years at below market rates. Exhibit 2. Martine Barton received no funds from any Receivership Entity and had no awareness of the credit card. Exhibit 3. All of the Receiver's allegations regarding Barton Relative Defendants work as "not made in exchange for reasonably equivalent value" are conclusory and are unsupportable if given even a cursory review.

The Receiver cannot support his allegation that Maximilien Barton or Victoria Barton were aware that they were paid with any alleged fraudulent money (which appears to be assumed in this and related cases, though the allegation remains unproven), or that they did not bring value; nor can he even begin to excuse a case against Martine, who never received any funds at all. Further, the SEC began its lawsuit against Defendant Barton and the Receivership Entities on September 23, 2022, and all of the alleged transfers to the Barton Relative Defendants were before that date, and the transfers eerily looks like a payment one would expect for contract work or employment.

It seems the only reason to include the Relative Defendants in this case is based on their connection to Defendant Barton, as there is no evidence of concealed assets, or transfers to them which are not directly connected to work performed. Certainly, Plaintiff has not shown a prima facie case for fraudulent transfers regarding the Relative Defendants.

As the declaration of Tim Barton states, the Receiver believed that Tim and Martine were still married when this suit was filed, an indication that the Receiver performed no due diligence whatsoever before filing this suit, and in any other legal context, would be an act supporting sanctions under Rule 11, as it is difficult to see how the Receiver could have filed the case against Martine without performing at least enough research to state that the allegations have factual support, while also not knowing that Tim and Martine had been divorced for more than a decade and had no commercial relationship.

## IV.    ALTERNATIVE MOTION TO REOPEN AND SEVER

Incorporating the above, and according to Rule 21, the Relative Defendants alternatively seek severance of the claims against them so they can seek dismissal from the dispute.

*"*When considering severance under Rule 21, courts consider factors including whether there are common questions of law and fact, judicial economy, and whether different witnesses and documentary proof are necessary for the different claims." *Stewart v. Tex. Tech. Univ. Health Scis. Ctr.*, 741 F. Supp. 3d 528 (N.D. Tex. 2024).

In this case, the Barton Relative Defendants seek severance of the claims against them so that the Relative Defendants may answer and seek dismissal of the claims. There are common questions of law (whether there were fraudulent transfers as a result of violations of securities laws), and in fact (did the individual or entity receive the money from Receivership Entities while they "were insolvent, after significant and numerous lawsuits had been filed against them, while

the Entities were concealing assets and transfers, without the exchange of reasonably equivalent value, and while the transferees (the Defendants) lacked good faith"). Doc. 9, pg. 2. Judicial economy favors severance, "if the claims remain joined, the Court would need to carefully distinguish between the different claims against the different parties throughout the litigation." *Id. at 528.* There is a high likelihood that different witnesses and documentary proof are required for each of these various claims by the receiver. There are many different entities and alleged transfers, and many of the Defendants have no relation to one another besides a relation to Timothy Barton.

For the above reasons, in the alternative to a limited lift of the stay for dismissal, the Relative Barton Defendants seek the lift of stay to allow the claims against them to be severed.

### V. PRAYER

Defendants Victoria L. Barton, Maximilien E. Barton, and Martine G. Barton respectfully request that this Court to lift the stay as to the claims against them. Alternatively, the Barton Relative Defendants seek the claims against them to be severed into a separate case.

Respectfully submitted,

*/s/ Warren V. Norred*
Warren V. Norred, Texas Bar Number 24045094, warren@norredlaw.com
Norred Law, PLLC; 515 E. Border Street; Arlington, Texas 76010
P. 817-704-3984; F. 817-524-6686
*Attorney for Barton Relative Defendants*


**CERTIFICATE OF CONFERENCE** – On January 31, 2025, I conferred with Charlene Koonce, the Receiver's counsel, who informed me of the Receiver's opposition.

*/s/ Warren V. Norred*
Warren V. Norred

**CERTIFICATE OF SERVICE –** I hereby certify that the foregoing motion was served upon all parties of record via the Court's electronic filing system on March 28, 2025.

*/s/ Warren V. Norred*
Warren V. Norred

Exhibit 1: Declaration of Victoria Barton
  Attachment A – Consulting Agreement – JMJ Development
  Attachment B – Sample of Invoices
  Attachment C – Porsche Payments
Exhibit 2: Declaration of Martine Barton
Exhibit 3: Declaration of Maximilien Barton
  Attachment A – Expense Reimbursement 2021
Exhibit 4: Declaration of Timothy L. Barton