## DECLARATION OF VICTORIA BARTON

I, Victoria Lynn Barton, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this declaration. The facts set forth herein are based on my personal knowledge, information, and belief.

2. I am aware that I am a defendant in a lawsuit regarding allegations against me related to Tim Barton. The allegations claim that I received $29,519.00 in transfers from various Receivership Entities. I address and dispute these claims below.

3. V Strategies, LLC was engaged by JMJ Development to provide consulting services for a period of one year. The terms of the consulting services agreement are outlined in Attachment A. These services included "all duties as needed in order to assist in the day-to-day operations of JMJ Development and all other tasks as needed." I regularly maintained the business records related to my consulting services as part of my regularly conducted business activities. These documents are attached to this declaration as Attachment A, B, and C.

4. The contract between V Strategies and JMJ Development was for a term of one year, at a monthly compensation rate of $6,250.00. This agreement was mutually terminated in October 2021 after being entered into in February 2021.

5. My extensive background in supporting high-level executives, including my work with the U.S. Department of Housing and Urban Development (HUD) as Deputy Secretary, and with the U.S. Secretary of Defense, as well as my experience in housing, provided valuable expertise to JMJ Development during my time as a consultant. Should further verification be required, I can provide supporting documentation, including emails from my professional account (vbarton.tx@gmail.com) created solely for JMJ Development activities reflecting months of work performed under this consulting agreement.

6. During my tenure as a consultant for JMJ Development, I worked more than eight hours a day, five days a week, providing both operational and strategic support to the company. Although staff did not directly report to me, my role was comparable to that of a "Chief of Staff."

7. I declined a job offer in Disaster Recovery from an accounting firm, which would have required relocation to Puerto Rico which was my dream job at the time, to support my father's family business. In doing so, I accepted a substantial pay cut.

8. While I was engaged as a consultant through my LLC, V Strategies, I officed at the JMJ Development offices. After the conclusion of my consulting contract, I occasionally visited the JMJ Development offices, but only as the daughter of Tim Barton. These visits were rare and were not for business purposes.

9. The Porsche Purchase: In 2018, I purchased a 2018 Porsche from JMJ Development. The purchase was made through a loan in my personal name, though

the Porsche was initially leased by JMJ Development. I had just moved back to Dallas after working in Washington, D.C., and needed a vehicle as most citizens do. The lease was appraised for the same value as the remaining balance on the vehicle, making the purchase a practical decision. Although the loan for the Porsche is in my name, the title was not transferred to me at the time of the purchase and still has yet to be put in my name despite the fact that I have made substantial payments for this vehicle .

10. Regarding Exhibit G and the transfers listed therein, I provide the following explanation for each transaction:

| Date of Transaction | Amount | Reason |
| --- | --- | --- |
| 11/05/2018 | $3,611.40 | Birthday gift from Tim Barton to Victoria Barton |
| 11/06/2018 | $3,827.63 | Birthday gift from Tim Barton to Victoria Barton |
| 05/17/2021 | $1,021.60 | Consulting payment for V Strategies, LLC |
| 05/21/2021 | $3,500.00 | Consulting payment for V Strategies, LLC |
| 06/16/2021 | $6,000.00 | Consulting payment for V Strategies, LLC |
| 05/28/2021 | $3,000.00 | Consulting payment for V Strategies, LLC |
| 10/14/2021 | $2,000.00 | Consulting payment for V Strategies, LLC |
| 10/29/2021 | $3,500.00 | Consulting payment for V Strategies, LLC |
| 11/17/2021 | $1,558.37 | Consulting payment for V Strategies, LLC |
| 06/16/2022 | $1,500.00 | Consulting payment for V Strategies, LLC |

11. V Strategies, LLC was expected to be compensated $6,250.00 per month for its services, as outlined in the consulting agreement. A sample of invoices can be found in Attachment B.

12. Over the course of nine months, V Strategies received payments totaling $22,079.97. At the time of termination, the remaining balance due to V Strategies for nine months of work was $56,250.00, leaving an outstanding balance of $34,170.03.

13. In lieu of direct payments in cash for the services provided, JMJ Development made certain payments towards my vehicle loan. These payments were not properly

Declaration of Victoria Barton

accounted for or broken down in the lawsuit, and I seek clarification on these payments.

14.    To date, I have made a total of $20,964.00 in payments toward the vehicle loan (see Attachment C). The final payment on the loan is due on August 3, 2025, leaving a remaining balance of $6,551.25, which I intend to pay. If we consider that all payments made or to be made by me are accounted for, the remaining balance on the vehicle totals $28,734.75. This amount, we can assume, has been covered by JMJ Development in lieu of the outstanding balance of $34,170.03. Based on these facts, the remaining balance owed to V Strategies is $5,435.28. I have paid for a vehicle for which I do not hold the title.

15.    I have consistently been a hardworking individual, holding multiple jobs throughout my life, including working my way through college while maintaining several jobs. I also served my country in federal government service. At no point did I rely on my father, Tim Barton, to "fund my lifestyle." I was employed as a consultant, dedicating long hours and significant effort to supporting my client, JMJ Development. I strongly disagree with the allegations made in this lawsuit, which unfairly impugn both my work ethic and my business practices.

16.    I would like to bring to attention a typographical error in the lawsuit, specifically in paragraph 67, where my name is misspelled as "Vicotria" instead of "Victoria." I am unsure whether there are additional similar errors throughout the document, and I request that they be corrected as necessary.

17.    Furthermore, I wish to inform the Court that I am currently undergoing background checks for various positions within the Trump Administration, which include a comprehensive review of my personal and professional history. As of today, March 5, 2025, I was informed that I did not pass the White House Personnel Vetting process due to what I believe is the defamatory nature of this lawsuit, which has unfairly obstructed my ability to serve my country. I am a proud patriot, and the reckless and unlawful actions taken by this Receivership—actions that are entirely unrelated to my conduct or character—have caused significant harm to both my personal reputation and my professional opportunities and caused significant financial challenges in my life.

Executed in the District of Columbia, on the _12_ day of March 2025.


*Victoria Barton*
_____
Victoria Barton

Declaration of Victoria Barton                                    Page 3 of 3

## CONSULTING AGREEMENT

This consulting agreement ("Agreement") is entered into on the undersigned date by and between ___JMJ Development___ ("Client") and V Strategies, LLC ("Consultant"). WHEREAS, Consultant has experience in the field of real estate development and WHEREAS, Consultant is willing to be engaged by Client upon the terms and conditions herein contained; and WHEREAS, a significant portion of Client's business and assets are comprised of Proprietary and Confidential Information, as defined below, which Client wishes to preserve and protect; NOW, THEREFORE, in consideration of the recitals, and of the terms, covenants, and conditions set forth herein, and for other good and valuable consideration, receipt of which is hereby acknowledged, Client and Consultant mutually agree as follows:

**1.    Consulting Services.** Client hereby retains Consultant to render the following services to Client: All services and duties as needed in order to assist in the day-to-day operations of JMJ Development and all other tasks as needed.

The manner and means by which Consultant chooses to complete the services are in Consultant's sole discretion and control. Consultant's obligations shall be conditioned upon receiving such information and cooperation from Client as may be reasonably necessary to perform the services.

**2.    Relationship of Parties.** This Agreement shall not constitute an employer-employee relationship, and it is the intent of each party that Consultant shall at all times be an independent contractor.

**3.    Term.** The term of this Agreement shall commence on the undersigned date and shall remain in effect for a period of 1 year.

**4.    Compensation.** For services provided hereunder, Consultant shall be paid monthly the sum of $6,250. Consultant or Consultant's employees shall only be entitled to payment or reimbursement for travel expenses, food, lodging, any per diem allowance, equipment, supplies, or similar items if expressly authorized in advance by Client.

**5.    Disclosure of Information.** Consultant agrees that at no time (either during or subsequent to the term of this Agreement) will Consultant disclose or use, except in pursuit of the business of Client or any of its subsidiaries or affiliates, any Proprietary and Confidential Information of Client, or any subsidiary or affiliate of Client, acquired during the term of this Agreement. The term "Proprietary and Confidential Information" shall mean, but is not limited to, all information which is known or intended to be known only to Client, its subsidiaries and affiliates, and their employees, including any document, record, financial or other information of Client, or others in a confidential relationship with Client, and further relates to specific business matters such as the Client's financial information, identity of clients and patients, policies and procedures, fee structures, trade secrets, proprietary know-how, account information, and other

information relating to other business of Client, its subsidiaries and affiliates, and their employees. Consultant agrees not to remove from the premises of Client except as necessary for Consultant to perform services in accordance with the terms of this Agreement, any document, record, or other information of Client or its affiliates. Consultant agrees to return or destroy, immediately upon termination of Consultant's services hereunder, any and all documentation relating to Proprietary and Confidential Information of Client and of others that is in the possession of Consultant, in whatever format it may be maintained, whether provided to, or developed by, Consultant, and to provide a certificate of destruction if required by Client. Notwithstanding the foregoing, the restrictions contained in this Section 5 shall not apply to any Proprietary and Confidential Information that (i) is a matter of public knowledge or prior personal knowledge (from a source other than a party to this Agreement or its affiliate), (ii) is independently developed by a person not a party to this Agreement without the use, directly or indirectly, of Proprietary and Confidential Information, or (iii) is required by law or the order of any court or governmental agency, or in any litigation or similar proceeding to be disclosed; provided that the disclosing party shall, prior to making any such required disclosure, notify the other party with sufficient notice to permit that party to seek an appropriate protective order.

**6.     Proprietary and Confidential Information of Others.** Consultant acknowledges that Client does business with clients that supply Client with information of a confidential nature, and that Client has contractual obligations to preserve the confidential nature of such information. Consultant agrees to treat any information received from clients of Client as confidential, as if it were the Proprietary and Confidential Information of Client.

**7.     Remedies.** In addition to any other remedies, which Client may have by virtue of this Agreement, Consultant agrees that in the event that a breach of the confidentiality provisions of this Agreement occurs or is threatened, Client shall be entitled to obtain an injunction against Consultant from a court of competent jurisdiction to restrain any breach of confidentiality.

**8.     Termination.** Either party may terminate this Agreement, with or without cause, upon fifteen (15) days' advance written notice to the other, unless otherwise mutually agreed upon.

**9.     Indemnification of Consultant.** Client shall indemnify, defend and hold Consultant harmless from and against any and all third party claims, liability, suits, losses, damages and judgments, joint or several, and shall pay all costs and expenses (including counsel's fees and expenses) as they are incurred in connection with the investigation of, preparation for or defense of any pending or threatened claim or any action or proceeding arising there from, that Consultant incurs as a result of having performed services on behalf of Client.

**10. Amendments.** This Agreement may be amended only in a writing signed by both parties.

**11. Independent Consultant; No Agency.** The parties agree that at all times during the term of this Agreement, Consultant shall continue to be an independent Consultant, and is not authorized as, nor shall be deemed to be an employee, agent, partner, joint venturer, or representative of Client. Neither party has the authority to bind the other or to incur any liability on behalf of the other, nor to direct the employees of the other. Nothing in this Agreement shall be interpreted or construed as creating or establishing the relationship of employer and employee between Client and Consultant or any employee or agent of Consultant. Consultant shall retain the right to perform services for others during the term of this Agreement.

**12. Miscellaneous.** No waiver by Client of any breach of this Agreement by Consultant shall be considered to be a waiver of any other breach. Should any litigation be commenced between Client and Consultant relating to any such breach, the prevailing party shall be entitled, in addition to such other relief as may be granted, reasonable costs and attorney's fees relating to such litigation. If any term or provision of this Agreement is determined to be illegal or invalid, such illegality or invalidity shall not affect the validity of the remainder of this Agreement. This Agreement shall be governed by the laws of the State of Texas. This Agreement contains the entire agreement between the parties hereto with respect to the subject matter hereof.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the 22nd of February 2021.

**CLIENT'S SIGNATURE**
PRINT NAME: Timothy Barton
DATE: February 22, 2021

**CONSULTANT'S SIGNATURE**
PRINT NAME: Victoria L. Barton from V Strategies, LLC
DATE: February 22, 2021

# INVOICE



**V Strategies, LLC**
7109 Rembrandt Dr.
Plano, TX 75093

v@vstrategies.net
214.585.2805
vstrategies.net

## JMJ Development, INC

**Bill to**
JMJ Development, INC
1755 Wittington Place
Suite 340
Dallas, TX 75234

**Invoice details**
Invoice no. : 1003
Invoice date : 08/11/2021
Due date : 09/10/2021

| | Product or service | Amount |
| --- | --- | --- |
| 1. | **Consulting Fee**<br>June 2021 | $6,250.00 |

| | | |
| --- | --- | --- |
| | Total | **$6,250.00** |

### Note to customer
Thank you for your business.

| Due date | 09/10/2021 |
| --- | --- |

# INVOICE



**V Strategies, LLC**
7109 Rembrandt Dr.
Plano, TX 75093

v@vstrategies.net
214.585.2805
vstrategies.net

## JMJ Development, INC

**Bill to**
JMJ Development, INC
1755 Wittington Place
Suite 340
Dallas, TX 75234

**Invoice details**
Invoice no. : 1004
Invoice date : 08/11/2021
Due date : 09/10/2021

| | Product or service | Amount |
| --- | --- | --- |
| 1. | **Consulting Fee**<br>July 2021 | $6,250.00 |

| | |
| --- | --- |
| Total | **$6,250.00** |

## Note to customer

Thank you for your business.

| | |
| --- | --- |
| Due date | 09/10/2021 |

# INVOICE



**V Strategies, LLC**
7109 Rembrandt Dr.
Plano, TX 75093

v@vstrategies.net
214.585.2805
vstrategies.net

## JMJ Development, INC

**Bill to**
JMJ Development, INC
1755 Wittington Place
Suite 340
Dallas, TX 75234

**Invoice details**
Invoice no. : 1005
Invoice date : 08/27/2021
Due date : 09/26/2021

| Product or service | Amount |
| --- | --- |
| 1. **Consulting Fee** <br> AUGUST 2021 | $6,250.00 |

| | Total | **$6,250.00** |
| --- | --- | --- |

### Note to customer
Thank you for your business.

| Due date | 09/26/2021 |
| --- | --- |

3/5/25, 3:07 PM             IMG_3999.jpg

Case 3:24-cv-00612-X  Document 12-1  Attachment Filed 03/28/25  Page 10 of 12  PageID 335



3:00

< | Need help? | 🔔³ Sign off

**VICKA CHECKING ...6860**

Available balance ⓘ

🔍 Brand bank ⊗   ⇅ Filter

08/06/2024
**TEXAS BRAND BANK TRANSFER 080524**
**000000043887910 VICTORIA BARTON**
$1,310.25

07/05/2024
**TEXAS BRAND BANK TRANSFER 070324**
**000000043887910 VICTORIA BARTON**
$1,310.25

06/04/2024
**TEXAS BRAND BANK TRANSFER 060324**
**000000043887910 VICTORIA BARTON**
$1,310.25

05/06/2024
**TEXAS BRAND BANK TRANSFER 050324**
**000000043887910 VICTORIA BARTON**
$1,310.25

04/04/2024
**TEXAS BRAND BANK TRANSFER 040324**
**000000043887910 VICTORIA BARTON**
$1,310.25

03/05/2024
**TEXAS BRAND BANK TRANSFER 030424**
**000000043887910 VICTORIA BARTON**
$1,310.25

02/06/2024
**TEXAS BRAND BANK TRANSFER 020524**
$1,310.25

Case 3:24-cv-00612-X    Document 12-1    Filed 03/28/25    Page 12 of 12    PageID 337

**3:00**

< Q Need help?

3 Sign off

## VICKA CHECKING ...6860



Q Brand bank    ⊗        ⇅ Filter

TEXAS BRAND BANK TRANSFER 060324
000000043887910 VICTORIA BARTON

05/06/2024
**TEXAS BRAND BANK TRANSFER 050324
000000043887910 VICTORIA BARTON**

$1,310.25

04/04/2024
**TEXAS BRAND BANK TRANSFER 040324
000000043887910 VICTORIA BARTON**

$1,310.25

03/05/2024
**TEXAS BRAND BANK TRANSFER 030424
000000043887910 VICTORIA BARTON**

$1,310.25

02/06/2024
**TEXAS BRAND BANK TRANSFER 020524
000000043887910 VICTORIA BARTON**

$1,310.25

01/04/2024
**TEXAS BRAND BANK TRANSFER 010324
000000043887910 VICTORIA BARTON**

$1,310.25

12/05/2023
**TEXAS BRAND BANK TRANSFER 120423
000000043887910 VICTORIA BARTON**

$1,310.25