## DECLARATION OF MAXIMILIEN BARTON

I, Maximilien Enoch Barton, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this declaration. The facts set forth herein are based on my personal knowledge, information, and belief.

2. I am aware that I am a defendant in a lawsuit regarding allegations related to my father, Tim Barton. Specifically, the allegations claim that I received $62,872.70 in transfers from various Receivership Entities over the course of almost three (3) years. I address and dispute these claims below.

3. I have worked for my father, Tim Barton, in the family-owned real estate development company for many years. Throughout my time working for the company, I was compensated at a rate far lower than what would be expected for the nature of my work. Given the business's demands and the extensive hours required—including the need to respond to property emergencies 24/7—my role was far more demanding than that of a typical employee. My responsibilities included maintaining properties, responding to maintenance work orders, and handling emergencies. Additionally, my responsibilities for Goldmark Hospitality were in addition to my duties at JMJ Development, which was also a full-time job.

4. I do not believe my work for the company was unsuccessful, nor do I believe the characterization that I did not perform adequately in my role as a manager is accurate. I worked tirelessly, often beyond normal working hours, to ensure the properties under our care were as well-maintained as possible and functioned as intended. Given the limited resources and support available, I performed my duties diligently within the framework of a family business. In my professional opinion, had I worked elsewhere—such as with a company like Whataburger or a similar employer—I would have been able to earn significantly more, without the same demands or responsibilities required by my role at my father's company.

5. I dispute the claim that I was unsuccessful in managing the property or business in question, Goldmark Hospitality, LLC, and its property, the Amerigold Suites. I always strived to fulfill my duties to the best of my ability, responding to every situation as needed, often during emergencies. Any suggestion that I was unsuccessful in my management efforts is unfounded and lacks factual basis. The manner in which this lawsuit has been written appears to be an unsubstantiated attack on my work ethic, character, and integrity.

6. Regardless of the Receiver's belief about my performance, the fact remains that such beliefs do not provide grounds for the legal claims being made against me, particularly with respect to the assertion that the minimal compensation I received should be returned. I contend that the compensation I received was for work actually performed along with reimbursements and should not be subject to reversal based solely on the Receiver's subjective evaluation of my performance.

7. I acknowledge that I assisted my father, Tim Barton, in various real estate development efforts. This included working on potential property acquisitions and development projects. However, it is important to note that these efforts were made under my father's direction, and I was never in control of the financial or legal aspects of the business. I did not

Declaration of Maximilien Barton

personally benefit in any significant manner from these development projects. I was acting in a supportive role to my father's vision for the business.

8.  I performed numerous critical tasks to advance millions of dollars' worth of real estate development projects through a complex and often painstaking process. For example, the presentation to secure the Public Improvement District (PID)/Tax Increment Reinvestment Zone (TIRZ) and Development Agreement with the City of Venus, as documented starting at page 65 of the attached exhibit (see link: VenusTX Portal[1]), was a direct result of countless hours of work and multiple iterations with engineering consultants and legal professionals. For several months, we met every Monday to produce this document, which culminated in the Mayor's email to Tim Barton stating that he would call for an executive session to sign the paperwork. The completion of this project, once fully developed, was projected to be valued at over a billion dollars. This example is only one of many instances where my involvement was essential to the business's efforts to develop high-value properties.

9.  I acknowledge that the lawsuit claims that various transfers were made to or for my benefit between October 15, 2019, and September 23, 2022, in the amount of $62,872.70. I contend that these transfers were payments related to my work and compensation, and I provided services to the company and related entities in exchange for these payments. Any suggestion that I received these transfers without providing reasonably equivalent value is inaccurate. The work I performed was essential to the operations of the business, and the transfers were, in my understanding, proper compensation for services rendered in the course of my employment.

10. In relation to the assertion that the services I provided were not of reasonably equivalent value to the transfers I received, I maintain that I performed duties necessary for the operation and management of the properties. These tasks were done to the best of my abilities, and I was available at all hours to respond to emergencies or maintenance issues. My efforts and the hours I worked were commensurate with the funds transferred to me. Any assertion to the contrary is without merit.

11. Many of the funds listed in Exhibit H were reimbursements. Due to the lack of detail and clarity in the lawsuit, I am unable to provide a full accounting of these transactions at this time. I ask that the Court consider this in evaluating the claims made against me. The general practice for reimbursement was for me to submit a detailed spreadsheet with charges and their associated categorizations as in **Attachment A**. I would charge company expenses to my personal debit or credit card and get reimbursed at a later date. I do not have a complete record of this as all my approved reimbursement forms were in a paper format in my desk when all my work and personal products were seized by the Receiver.

12. Based on the fact that some of the transfers listed were reimbursements and not payments for services, I contend that being paid less than $62,872.70 over the course of almost three (3) years is minimal compensation for the extensive hours of labor I dedicated to working for the company. When you break less than $62,872.70 into three (3) years of dedicated service, that amounts to less than $25,000 in annual earnings. While working for my father, I was one of the least-paid workers dedicating the most hours. Based on research from Skillcrush, CareerBuilder, and ZipRecruiter, the average entry-level salary for jobs at a development company can vary based on location, specific role, and experience, but generally falls within the range of $60,000 to $100,000 per year.

[1] https://venustx.portal.civicclerk.com/event/52/files/agenda/38

Declaration of Maximilien Barton

13. Since being terminated by the Receiver, I have secured employment with a reputable company as an Assistant Superintendent and Project Engineer, at a salary of $100,000 per year, which is significantly higher than the compensation I received while working for my father's company. Within six months of employment, I was promoted, and my new employer also provided a vehicle stipend as an additional benefit. Furthermore, my current employer offers comprehensive health insurance and other benefits, which were not provided to me during my tenure with my father's company, despite the long hours and demanding work required in my role.

14. More recently, a competitor in the industry approached me with an offer for a Superintendent role. Given that my project was nearing completion at my previous employer, and after a sufficient tenure with the company, I accepted this new opportunity with a larger, more established organization at a higher salary than I had been offered previously. This progression in my career, from being hired based on my merit, experience, and skillset, to receiving a promotion and a subsequent offer from a leading company, is demonstrative of my professional value and competence.

15. This successful transition into a well-compensated position serves to substantiate my claim that I do, in fact, provide value in my field. While the Receiver may continue to pursue unfounded attacks on me and my family, the objective evidence—both in terms of my career advancement and compensation—supports that I have contributed value and continue to do so in the marketplace.

16. I also wish to note that the emotional, physical, and financial toll that this lawsuit and the receivership have caused me cannot be overstated. For a year, I struggled to secure employment without being overshadowed by negative media coverage and the unfounded allegations advanced by the Receiver. This experience has had a profound impact on my professional reputation and personal well-being. I trust that the Court will take into consideration the broader context of my current employment and professional trajectory in evaluating the claims made against me.

17. In summary, I dispute the claims that I was unsuccessful in my role, that I improperly received funds, or that I did not provide value in exchange for the funds I received. I worked diligently and in good faith for my family's business, under challenging conditions, and the compensation I received was for services actually rendered. I respectfully request that the Court consider this declaration and the facts in their entirety when evaluating the claims made against me.

Executed in ~~Carrollton~~ Denton County, State of Texas, on the 17th day of March 2025.

Maximilien E. Barton

---

Declaration of Maximilien Barton

## Expense Reimbursement Form

| | | |
|---|---|---|
| **Name** | Max Barton | |
| **Project** | Misc | |
| **Period** | 2021 | |

**Total Reimbursement Due** $13,259.53

**Date Submitted** _____

**Submitted by** _____ Max Barton

**Authorized by** _____

| Date | Description of Business Purpose | Airfare | Lodging | Ground Transportation (Gas, Rental Car, Taxi) | Meals & Tips | Miscellaneous | Currency Exchange Rate | Expense Currency | U.S. $ |
|---|---|---|---|---|---|---|---|---|---|
| 12/16/2021 | Auto | | | | | | 0 | USD | $4,959.06 |
| 12/16/2021 | Home Depot | | | | | | 0 | USD | $60.59 |
| 12/17/2021 | Gas | | | | | | 0 | USD | $63.28 |
| 12/21/2021 | Gas | | | | | | 0 | USD | $54.67 |
| 12/22/2021 | Gas | | | | | | 0 | USD | $77.89 |
| 12/5/2021 | Airport Parking | | | | | | 0 | USD | $3.00 |
| 12/6/2021 | Gas | | | | | | 0 | USD | $61.88 |
| 12/14/2021 | Home Depot | | | | | | 0 | USD | $11.21 |
| 12/14/2021 | Auto | | | | | | 0 | USD | $86.56 |
| 12/14/2021 | Gas | | | | | | 0 | USD | $32.37 |
| 12/15/2021 | Auto | | | | | | 0 | USD | $47.61 |
| 12/16/2021 | Auto | | | | | | 0 | USD | $77.92 |
| 12/18/2021 | Auto | | | | | | 0 | USD | $16.23 |
| 12/21/2021 | Ellis County JP2 | | | | | | 0 | USD | $4.70 |
| 12/21/2021 | Ellis County JP2 | | | | | | 0 | USD | $200.00 |
| 12/28/2021 | Gas | | | | | | 0 | USD | $48.29 |
| 12/24/2024 | 2021 Chritmas Party | | | | | | 0 | USD | $1,090.45 |
| 1/4/2021 | Gas | | | | | | 0 | USD | $37.43 |
| 1/11/2021 | Airport Parking | | | | | | 0 | USD | $2.00 |
| 1/19/2021 | Home Depot | | | | | | 0 | USD | $30.99 |
| 2/8/2021 | Auto | | | | | | 0 | USD | $83.69 |
| 2/8/2021 | Gas | | | | | | 0 | USD | $46.11 |
| 2/18/2021 | Gas | | | | | | 0 | USD | $50.88 |
| 2/22/2021 | Auto | | | | | | 0 | USD | $108.80 |
| 6/6/2021 | Gas | | | | | | 0 | USD | $85.00 |
| 6/7/2021 | Airport Parking | | | | | | 0 | USD | $2.00 |
| 6/11/2021 | Gas | | | | | | 0 | USD | $50.08 |
| 6/16/2021 | Gas | | | | | | 0 | USD | $27.72 |
| 6/6/2021 | Gas | | | | | | 0 | USD | $57.41 |
| 8/27/2021 | Blue Frog Plumbing Payment 1 | | | | | | 0 | USD | $500.00 |
| 8/29/2021 | Amerigold Landscaping | | | | | | 0 | USD | $150.00 |
| 8/20/2021 | Gas | | | | | | 0 | USD | $59.13 |
| 8/22/2021 | Locksmith | | | | | | 0 | USD | $402.00 |
| 8/26/2021 | Gas | | | | | | 0 | USD | $50.00 |
| 8/28/2021 | Gas | | | | | | 0 | USD | $61.67 |
| 8/29/2021 | Gas | | | | | | 0 | USD | $65.99 |
| 8/30/2021 | Home Depot | | | | | | 0 | USD | $36.71 |
| 9/3/2021 | Gas | | | | | | 0 | USD | $69.68 |
| 9/5/2021 | Blue Frog Plumbing Payment 2 | | | | | | 0 | USD | $500.00 |
| 9/8/2021 | Gas | | | | | | 0 | USD | $67.11 |
| 9/14/2021 | Gas | | | | | | 0 | USD | $71.91 |
| 9/25/2021 | Gas | | | | | | 0 | USD | $73.45 |
| 9/27/2021 | Gas | | | | | | 0 | USD | $102.00 |
| 9/28/2021 | Gas | | | | | | 0 | USD | $20.74 |
| 9/28/2021 | Gas | | | | | | 0 | USD | $51.99 |
| 9/30/2021 | Gas | | | | | | 0 | USD | $50.31 |
| 9/7/2021 | Gas | | | | | | 0 | USD | $42.20 |
| 10/1/2021 | Home Depot | | | | | | 0 | USD | $12.93 |
| 10/6/2021 | Gas | | | | | | 0 | USD | $68.60 |
| 10/7/2021 | Walker Ranch | | Hotel | | | | 0 | USD | $223.74 |
| 10/8/2021 | Pressure Wash 2999 | | | | | | 0 | USD | $100.00 |
| 10/8/2021 | 126 Villita Fencing Install | | | | | | 0 | USD | $1,000.00 |
| 10/8/2021 | Fisco Bridges Weed Eating | | | | | | 0 | USD | $50.00 |
| 10/8/2021 | Landscapers | | | | | | 0 | USD | $100.00 |
| 10/10/2021 | Gas | | | | | | 0 | USD | $66.05 |
| 10/10/2021 | Gas | | | | | | 0 | USD | $48.37 |
| 10/12/2021 | Airport Parking | | | | | | 0 | USD | $2.00 |
| 10/14/2021 | Amerigold Landscaping | | | | | | 0 | USD | $350.00 |
| 10/27/2021 | Airport Parking | | | | | | 0 | USD | $3.00 |
| 11/4/2021 | Gas | | | | | | 0 | USD | $78.30 |
| 11/19/2021 | Blue Frog Payment 3 | | | | | | 0 | USD | $500.00 |
| 11/22/2021 | Gas | | | | | | 0 | USD | $72.30 |
| 11/26/2021 | Gas | | | | | | 0 | USD | $54.24 |
| 11/30/2021 | Ridgeview | | | | | | 0 | USD | $98.00 |
| 11/30/2021 | Ridgeview | | | | | | 0 | USD | $8.00 |
| 11/16/2021 | Gas | | | | | | 0 | USD | $76.86 |
| 11/24/2021 | Thanksgiving | | | | | | 0 | USD | $94.82 |
| 11/24/2021 | Thanksgiving | | | | | | 0 | USD | $43.95 |

| Date | Description | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/25/2021 | Thanksgiving | | | | | | | | | 0 | USD | | $11.98 |
| 11/25/2021 | Thanksgiving | | | | | | | | | 0 | USD | | $13.86 |
| 11/25/2021 | Thanksgiving | | | | | | | | | 0 | USD | | $60.59 |
| 12/9/2021 | Airport Parking | | | | | | | | | 0 | USD | | $2.00 |
| 12/11/2021 | Gas | | | | | | | | | 0 | USD | | $58.14 |
| 12/11/2021 | Home Depot | | | | | | | | | 0 | USD | | $12.90 |
| 12/15/2021 | Gas | | | | | | | | | 0 | USD | | $46.79 |
| 12/16/2021 | Gas | | | | | | | | | 0 | USD | | $66.71 |
| 12/27/2021 | Gas | | | | | | | | | 0 | USD | | $15.13 |
| 12/31/2021 | Gas | | | | | | | | | 0 | USD | | $66.46 |
| 12/1/2021 | Address Change | | | | | | | | | 0 | USD | | $1.10 |
| | | | | | | | | | **Total Reimbursement:** | | | | **$13,259.53** |